IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Carlos Miguel Hernandez d/b/a Time Traveling Express, Inc., | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(DECLARATORY JUDGMENT ACTION)** |
| InterSafe Inc., Northland Insurance Company and National Casualty Insurance, | ) | |
| | ) | |
| Defendant(s). | ) | |

Now comes the Plaintiff, Carlos Miguel Hernandez operating under "Time Traveling Express" ("Plaintiff") by way of a Complaint for Declaratory Judgment concerning the rights of the parties under its insureds' contract. The Defendant(s) in the Declaratory Judgment Action are Intersafe Inc. ("Intersafe"), Northland Insurance Company ("Northland Insurance"), and National Casualty Insurance Company ("National Casualty"). In support of its Complaint, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for declaratory relief pursuant to 28 U.S.C. § 2201, to declare the rights, status and other legal relationship concerning claims for insurance coverage arising out of an accident that occurred on March 23, 2022, when an at-fault driver, in a stolen vehicle, collided with Plaintiff.

2. This action concerns insurance policies which were issued by InterSafe to Plaintiff Carlos Hernandez, who is a resident of the County of Hudson, State of New Jersey and Time Traveling Express, Inc., which is a limited liability corporation organized under New

1

Jersey State.

3. This action concerns insurance policies which were issued by Northland Insurance, which insured Seven Hills Transport for whom Plaintiff was hauling freight.

4. This action concerns insurance policies which were issued by National Casualty in the form of liability insurance.

5. InterSafe Inc. is a corporation organized and existing under the laws of the State of Minnesota and doing business in the State of South Carolina.

6. Northland Insurance is a corporation organized and existing under the laws of the State of Minnesota and doing business in the State of South Carolina.

7. National Casualty, who insured the vehicle the at-fault driver was operating is a subsidiary of Nationwide Insurance Company is a corporation organized and existing under the laws of the State of Michigan and doing business in the State of South Carolina.

8. The United States District Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy is in excess of $75,000.00.

9. Venue is proper in the South Carolina District Court, Florence Division, as a substantial part of the acts and/or omissions giving rise to this Complaint occurred in Florence County.

**FACTUAL ALLEGATIONS**

10. On or about March 23, 2022, Plaintiff was safely and lawfully operating his tractor/trailer on an exit ramp on I-95 when an at-fault driver and uninsured motorist, in a stolen vehicle, collided with Plaintiff.

11. Upon information and belief, Plaintiff was exiting on the I-95 ramp going towards a trucking rest stop at the conclusion of his driving workday.

12. As a result of settlements, which have been accepted, Northland Insurance Company ("Northland Insurance") who insures Seven Hills Transport Inc. paid $17,500.00 in full settlement and final discharge of the bodily injury claims under policy number WN315130.

13. Plaintiff involved in this motor vehicle collision sustained substantial property damage and subsequent financial losses as a result.

14. The vehicle involved in the accident was a 2014 Great Dane ("trailer") and a 2015 Volvo ("tractor"), which were owned by Plaintiff.

15. Intersafe Inc. issued a policy of insurance to Plaintiff for "Non-Trucking Liability" No. B0595NANB04580021-NTL-002; and a policy for "Truckers Physical Damage" No. B0595NANB04580021-APD-002; ("the InterSafe Policy").

16. The InterSafe Policy was effective from 1 May 2021 to 1 May 2022 and at all times relevant to this action.

17. The InterSafe Policy insures for losses sustained by the Plaintiff.

18. Plaintiff filed a claim under the InterSafe Policy and provided Intersafe and/or its agents with evidence of Plaintiff's extensive property damage, and causally related expenses totaling in excess of $78,000.

19. Northland Insurance issued a policy of insurance to Plaintiff under "Seven Hills Transport Inc.," who Plaintiff was hauling freight for, which is described as Illinois Underinsured Motorist Coverage ("UIM"), Policy Number: WN315130.

20. The Northland Insurance Policy was effective on the date of the above referenced accident.

21. The Northland Insurance Policy insures for losses sustained by the Plaintiff.

22. Plaintiff filed a claim under the Northland Insurance Policy for property damage and provided Northland Insurance and/or its agents with evidence of Plaintiff's extensive property damage, and causally related expenses totaling in excess of $78,000.

23. National Casualty issued a policy of insurance on the stolen vehicle, which was at the time of the above referenced accident, insured under a Liability Policy which is described as LIABILITY POLICY, Policy Number: CAO7775266.

24. The National Casualty policy was in effect on the date of the above referenced accident.

25. The National Casualty policy insures against the losses sustained by the Plaintiff.

26. Plaintiff filed a claim under the National Casualty policy and provided National Casualty and/or its agents with evidence of Plaintiff's extensive property damage, and causally related expenses totaling in excess of $78,000.

27. Defendant(s) acted without regards to the rights of it's insured, the Plaintiff, in breach of its duty and in breach of the implied covenant of good faith and fair dealing, and in bad faith, in the following particulars:

   1. In failing to properly investigate the claim within a reasonable amount of time;
   2. In unreasonably withholding benefits under the insurance policy;
   3. In failing to acknowledge with reasonable promptness pertinent communications with respect to the demands of its insured;
   4. In failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policy;
   5. In not attempting in good faith to effect prompt, fair, and equitable settlement of claims; and

6. In acting to protect its own financial interests

# FOR A FIRST CAUSE OF ACTION
## (COVERAGE UNDER NON-TRUCKING LIABILITY POLICY ISSUED BY INTERSAFE INC.)

28. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully restated verbatim.

29. Plaintiff was at the time of the above referenced accident insured under an InterSafe Inc. Non-Trucking Liability ("NTL Policy") Policy issued to Plaintiff under "Carlos Miguel Hernandez" operating under "Time Traveling Express," which is described as NTL POLICY, policy No.: B0595NANB04580021-NTL-002.

30. The InterSafe Non-Trucking Liability Coverage contains the following relevant provisions:

SECTION II-NON-TRUCKING LIABILITY COVERAGE:

1. Coverage: We will pay all sums an "insured" legally must pay because of "bodily injury" or "property damage" to which this insurance applies, **caused by an accident** and resulting from the **use of the covered "truck"** as respect to Non-Trucking Liability as defined in the definitions only.

SECTION III-NON-TRUCKING LIABILTY EXCLUSIONS

No coverage is afforded by this Non-Trucking Liability policy when the described vehicle(s) is (are):

1. **Under motor carrier** direction, **control** or dispatch.
6. This policy does not provide any Uninsured or Underinsured Motorist Coverage, Personal Injury Protection (No-Fault) Coverage or Medical Payments (Medpay) Coverage and, by accepting this policy, you acknowledge that all such coverages are expressly rejected. **If by law this policy is deemed to provide any Uninsured or Underinsured Motorist Coverage, Personal Injury Protection (No-Fault) coverage or Medical Payments (Medpay) Coverage despite the exclusion set forth above, the limits of any such coverage imposed by law shall not exceed the minimum limits required by law.** Each and every exclusion which appears in the NonTrucking Liability Coverage Form shall apply to any Uninsured or Underinsured Motorist Coverage,

5

>> Personal Injury Protection (No- Fault) Coverage or Medical Payments (Medpay) Coverage imposed by law.
>
> SECTION V – DEFINITIONS
>
> NON-TRUCKING LIABILITY IS DEFINED AS:
>
>> 3. Lease agreements for terms of 29 days or less, which includes "trip leasing" are specifically excluded from any and all coverage for the purpose of this policy.
>> 5. Any claim resulting from an accident occurring while the vehicle is under the **direction or control** of the Motor Carrier to whom the scheduled "truck" unit(s) is (are) leased, for the purpose of this insurance is not considered Non-Trucking Liability.

31. At the time of the accident in question, Plaintiff was insured under the NTL Policy, and exiting the I-95 interstate at the conclusion of his workday when Plaintiff was struck by an uninsured motorist.

32. Plaintiff's tractor was simultaneously engaged in both business and personal use at the time the accident occurred.

33. Accordingly, Plaintiff petitions the court to declare that InterSafe Inc. has wrongfully withheld and excluded coverage (NTL Policy).

**FOR A SECOND CAUSE OF ACTION**
**(ADEQUATE NOTICE UNDER THE INTERSAFE INC. POLICY)**

34. Plaintiff realleges the preceding paragraphs as if repeated herein verbatim.

35. The InterSafe Non-Trucking Liability Coverage contains the following relevant duties:

> Duties in the Event of Accident, Claim, Suit, or Loss:
>
> 1. in the event of "accident," claim, "suit" or loss, you must give us or our authorized representative prompt notice of the "accident" or loss, including:
>
>> 1. How, when and where the "accident," claim, "suit" or loss occurred.
>> 2. The "insured's" name and address; and
>> 3. To the extent possible, the names and addresses of any injured persons and witnesses.

    2. Additionally, you and any other involved "insured" must:

        1. Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
        2. Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."
        3. Cooperate with us in the investigation or settlement of the claim or defense against the "suit."
        4. Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.
        5. Agree to examination under oath at our request and give us a signed statement of your answers.

36. Plaintiff, through his undersigned attorney, complied with all above mentioned duties, and provided notice of Loss to InterSafe on October 31, 2022.

37. Accordingly, Plaintiff petitions the Court to declare that Intersafe Inc. cannot withhold or exclude coverage for failure to comply because Plaintiff complied with the above-mentioned duties following the loss.

## FOR A THIRD CAUSE OF ACTION
## (COVERAGE FOR PHYSICAL DAMAGE UNDER THE INTERSAFE INC. POLICY)

38. Plaintiff realleges the preceding paragraphs as if repeated herein verbatim.

39. Plaintiff was at the time of the above referenced accident insured under an InterSafe Inc. Truckers Physical Damage Policy ("PD Policy") issued to Plaintiff under "Carlos Miguel Hernandez" operating under "Time Traveling Express," which is described as PD POLICY, Certificate No.: B0595NANB04580021-APD.

40. At the time of the accident in question, Plaintiff was insured under the PD Policy, and exiting the I-95 interstate at the conclusion of his workday when Plaintiff was struck by an uninsured motorist.

41. The PD Policy was issued for a 2014 Great Dane with Serial No. 1GRAA0620EB704940 ("trailer"), and a 2015 Volvo with Serial No. 4V4NC9EJF933143 ("tractor").

7

42. The InterSafe Inc. PD Policy contains the following relevant provisions:

III. THE PD POLICY

ADDITIONAL COVERAGE:

Towing and Cleanup:

Coverage under this Insurance is extended to include, without application of a deductible, **the cost of TOWING and/or CLEAN UP costs** up to a limit of USD 15,000 any automobile involved in a covered loss. This payment will not reduce the applicable limit of coverage.

It is the Underwriters option to make payment directly to the Assured and/or any towing company or provider. The release of claims by the towing company or provider of any claims against the Assured will satisfy any claim the Assured has under the policy for TOWING and CLEAN UP charges.

For the purposes of this additional coverage, the term TOWING shall be defined as the transportation, moving, carrying, parking or storing of an insured automobile from the scene of a covered loss to the nearest repair facility.

For the purposes of this additional coverage, the term CLEAN UP shall be defined as the cleanup charges incurred following and as a direct result of a covered loss.

For the purposes of this additional coverage, the term automobile shall be defined to mean **a tractor and trailer if connected** at the time of the loss.

DEFINITIONS:

SECTION C. COLLISION OR UPSET

This Section **covers loss of or damage** to an automobile **caused by accidental collision** of the automobile with another object, or by upset, provided always that the deductible specified in the Schedule shall be deducted from the amount of each and every loss or damage to each automobile.

43. Upon information and belief, subsequent to the accident, Plaintiffs tractor and trailer required towing and cleanup.

44. Plaintiff is informed and believes that the facts and circumstances in connection with the use of the automobile do give rise to a claim under the Physical Damage Policy. Accordingly, Plaintiff asserts that it is entitled to a declaration of the court that coverage is available under the Physical Damage Policy issued by InterSafe.

### FOR A FOURTH CAUSE OF ACTION
### (COVERAGE FOR UNINSURED MOTORIST UNDER NORTHLAND INSURANCE POLICY)

45. Plaintiff realleges the preceding paragraphs as if repeated herein verbatim.

46. As a result of settlements, which have been accepted and approved by the State Court, Northland Insurance Company ("Northland Insurance") who insures Seven Hills Transport Inc. paid $17,500.00 in full settlement and final discharge of all claims under policy number WN315130, with regard to the claims involving bodily injuries known and unknown and which have results or may in the future develop by reason of an accident arising out of the operation of an uninsured motorist.

47. Plaintiff was at the time of the above referenced accident insured under a Northland Insurance Uninsured Motorist policy issued to Plaintiff under "Seven Hills Transport Inc." which is described as Illinois Underinsured Motorist Coverage ("UIM"), Policy Number: WN315130.

48. The Northland Insurance UIM Policy contains the following relevant provisions:

   **A. Coverage**

   1. We will pay all sums the "insured" is legally entitled to recover as Compensatory damages from the owner or driver of an "underinsured motor vehicle." The damages must result from "bodily injury" sustained by the insured caused by the "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

   **B. Who Is An Insured**

   1. An individual, then the following are "insureds":

    a. The Named Insured and any "family members".

    b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    c. Anyone else "occupying" an "auto" you do not own who is an "insured" for Covered Autos Liability Coverage under the Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability Coverage under the Coverage Form.

  2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds."

    a. Anyone "occupying" a covered "auto" or temporary substitute for covered "auto" must be out of service because of its breakdown, repair, servicing, "loss," or destruction.

    b. Anyone else "occupying" an "auto" you do not own who is an "insured" for Covered Autos Liability Coverage under the Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability Coverage under the Coverage Form.

49. At the time of the accident in question, Plaintiff was insured under the Uninsured Motorist Policy and exiting the I-95 interstate at the conclusion of his workday when Plaintiff was struck by an uninsured motorist.

50. Plaintiff was operating, at the conclusion of his workday, while still hauling freight on behalf of Seven Hills Transport.

51. Upon information and belief, Plaintiff was hauling freight on I-95 from Florida to New York, for Seven Hills Transport.

52. Plaintiff was operating and occupying the tractor and trailer on behalf of Seven Hills Transport was insured under the Northland Insurance Uninsured Motorist policy.

53. Plaintiff was stuck, by a stolen vehicle while exiting the I-95, operating and occupying the tractor and trailer on behalf of Seven Hills Transport at the conclusion of

10

Plaintiff's workday.

54.    Plaintiff is informed and believes that the facts and circumstances in connection with the use of the automobile do give rise to a claim under the Uninsured Motorist Policy. Accordingly, Plaintiff asserts that he is entitled to a declaration of the court that coverage is available under the Uninsured Motorist Policy issued by Northland Insurance.

<u>**(COVERAGE FOR UNINSURED MOTORIST UNDER NATIONAL CASUALTY POLICY)**</u>

55.    The stolen vehicle was at the time of the above referenced accident was insured under a Liability Policy which is described as LIABILITY POLICY, Policy Number: CAO7775266.

56.    The National Casualty Liability Policy contains the following relevant provisions:

**SECTION II – LIABILITY COVERAGE**

    **C.  Limit of Insurance**

        **1. c.**    The most we will pay for all damages resulting from "property damage "caused by anyone "accident" is the limit of "Property Damage" Liability shown in the SCHEDULE or CORPORATE SCHEDULE of this endorsement for each "accident.

**SECTION III - PHYSICAL DAMAGE COVERAGE**

The following is deleted from paragraph **A. Coverage**:

Item **2. Towing** and item **4. Coverage Extension**.

The following is added to paragraph **B. Exclusions**:

We will not pay for "loss" caused under the Comprehensive Coverage and Specified Causes of Loss Coverage for a "loss" due to theft, conversion, embezzlement or secretion by any person in possession of a covered "auto" either under a "rental agreement," conditional sale, purchase agreement, mortgage or encumbrance or as a "rentee" of such covered "auto," or resulting from the "insured" voluntarily parting with possession of any covered "auto," if induced to do so by any fraudulent scheme, trick, device, false pretense or from larceny, robbery or pilferage committed by any person including an employee, entrusted by you with either custody or possession of a covered "auto."

11

57. Plaintiff was struck by the covered stolen rental car under the National Casualty Liability policy.

58. Plaintiff was struck by the stolen vehicle, while exiting lawfully on an exit ramp, causing significant property damage.

59. Plaintiff was not in "possession" of the stolen vehicle.

60. Accordingly, Plaintiff petitions the court to declare that National Casualty. has wrongfully withheld and excluded coverage (Liability policy).

61. Plaintiff is informed and believes that the facts and circumstances in connection with the use of the automobile do give rise to a claim under the Liability policy. Accordingly, Plaintiff asserts that it is entitled to a declaration of the court that coverage is available under the Liability Policy issued by National Casualty.

**WHEREFORE**, Plaintiff requests that this court issue an appropriate Order in this Declaratory Judgment Action which is consistent with the relief sought herein and that it further declare the rights, status and other legal relationships of the parties hereto as the court deems just and proper.

*[ATTTORNEY SIGNATURE ON FOLLOWING PAGE]*

CHAPPELL, CHAPPELL & NEWMAN

*/s/Mark D. Chappell*

Mark D. Chappell, Esquire (Fed Id. 106)
Attorneys for Plaintiff
Post Office Box 12330
Columbia, South Carolina 29211
Phone: (803) 509-5823
Fax: (803) 233-0570
mark@chappell.law

May 23, 2024